(14 Misc. Rep. 229.)

HOSMER v. GANO et al.

(Common Pleas of New York City and County, Special Term. October, 1895.)

MORTGAGES—FORECLOSURE SALE—COMPENSATION OF REFEREE.
   Under Code Civ. Proc. § 3297, as amended by Laws 1895, c. 241, limiting the compensation of a referee appointed to make a foreclosure sale to $50 "unless the property sold for $10,000 or upwards," the compensation of the referee can exceed $50 only in cases where he actually received and was accountable for $10,000 or more in cash, and not where the excess of the purchase price over liens, subject to which the property was sold, is less than $10,000, though the price bid exceeded that sum.

Action by Charlotte E. Hosmer against James M. Gano and others to foreclose a mortgage. The referee appointed to make the sale on foreclosure of the mortgage moves to have his compensation fixed.

Edward H. Hawke, Jr., for the motion.
James R. Marvin, opposed.

GIEGERICH, J.   This is an application to fix the compensation of a referee upon sale of real property, pursuant to section 3297 of the Code of Civil Procedure, as amended by chapter 241 of the Laws of 1895, which, among other things, provides:

"A referee's compensation, including commissions, cannot, where the sale is under a judgment in an action to foreclose a mortgage, exceed fifty dollars unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper, or in any other cause five hundred dollars."

It appears from the referee's report of sale that the mortgaged premises, consisting of two lots of land, were sold in separate parcels, and realized together the sum of $47,000; that the same were sold subject to certain liens; and that the referee, after allowing the purchaser out of the total purchase price the amount of incumbering charges, aggregating $44,077.60, received and was actually accountable for the sum of $2,922.40 only.   It seems to me that the legislature, by the act in question, intended to give additional compensation only in cases where the referee actually received and was accountable for $10,000 or more in cash.   Inasmuch as the referee herein did not receive nor was he at any time accountable for such sum, I think, under the circumstances, that he is not entitled to a larger amount than $50 as his compensation.   I therefore fix it at that sum.