### DIME SAV. BANK OF BROOKLYN v. PETTIT et al.

(Supreme Court, Special Term, New York County. August, 1899.)

MORTGAGE—FORECLOSURE SALE—COMPENSATION OF REFEREE.
> Under Code, § 3297, providing that, where property on mortgage foreclosure sells for $10,000 or upwards, "the referee may receive such additional compensation as to the court may seem proper," the referee is not entitled to such compensation for every sale amounting to $10,000 or over, but only for those wherein the fixed compensation seems to the court inadequate because of the unusual amount of labor required.

Action by the Dime Savings Bank of Brooklyn against John Pettit and others. Motion by referee for extra compensation. Denied.

E. Blumenstiel, for the motion.

Ritch, Woodford, Bovee & Wallace, opposed.

McADAM, J. The referee is not entitled, under section 3297 of the Code, to additional compensation on a sale of real estate on foreclosure unless he has actually received and is accountable for $10,000 or more in cash. Hosmer v. Gans, 14 Misc. Rep. 229, 35 N. Y. Supp. 471; Insurance Co. v. Bendheim (May 20, 1898) 59 N. Y. Supp. 793. In this case the property was sold for $110,000, and bought in by the plaintiff, leaving a deficiency of about $13,000. The plaintiff waived the payment of the 10 per cent., so that the referee has received nothing. Clearly, extra compensation cannot be demanded here. The statute fixes the referee's fees at a sum not to exceed $50 in cases where the property is sold for less than $10,000. Code, § 3297. The provision that, where the property sells for $10,000 or upwards, "the referee may receive such additional compensation as to the court may seem proper," not to exceed $500, applies only to cases which are exceptional and unusual, in which the referee has had more than the ordinary amount of labor, and was never intended to apply to every case where the sum realized is more than $10,000. Such a construction would be absurd. There would be no need of leaving the matter to the discretion of the court, because there would be nothing but the amount realized to base a discretion upon. The rule is not an arbitrary, but an equitable, one, intended to meet cases in which it is evident to the court that $50 is inadequate. From the number of applicants for such references, it is very safe to assume that the majority are satisfied with $50.

Motion denied, without costs.