Clinton R. James, Mary E. James and John F. James, as Executors of the Last Will and Testament of John F. James, Deceased, Plaintiffs, v. Peppard Realty Company, Inc., Robert R. Danzillo, Morris Gold and Dann Realty Corporation, Defendants.

(Supreme Court, Kings Special Term, September, 1919.)

Fees — in foreclosure — when referee to sell may not be allowed additional compensation — Code Civ. Pro. § 3297.

    Where property sold under a judgment in foreclosure brings more than $10,000, the referee to sell may not be allowed additional compensation under section 3297 of the Code of Civil Procedure, unless he has performed some unusual or exceptional labor, even though he has been unreasonably annoyed by the attorney for the owner of the equity of redemption.

Motion for an extra allowance to a referee upon a sale of real property on foreclosure.

Alvah W. Burlingame, Jr., for motion.

James P. Judge, for plaintiffs, not opposed.

James N. Catlow and John L. Danzillo (Edmund C. Viemeister, of counsel), opposed.

Faber, J. This is a motion for an extra allowance to a referee upon the sale of real property on foreclosure, pursuant to section 3297 of the Code of Civil Procedure, which, among other things, provides: "And a referee's compensation, including commissions, cannot, where the sale is under a judgment in an action to foreclose a mortgage, exceed fifty dollars,

Supreme Court, September, 1919.    [Vol. 108.

unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper. or in any other cause (case) five hundred dollars.'' This statute fixes the referee's fees at a sum not to exceed $50 where the property sold for less than $10,000. The provision that where the property sells for $10,000 or upwards the referee may receive such additional compensation as to the court may seem proper not to exceed $500 applies only to cases where some unusual or exceptional labor has been performed by the referee. It was never intended that solely because the property was sold for more than $10,000, as in this case, the referee is entitled to additional compensation. If that were so, there would be no reason for leaving the matter to the discretion of the court; there would be nothing but the amount realized to base a discretion upon. On this application there appears to have been no unusual or exceptional labor in connection with the referee's duties, and the motion for additional compensation is denied. The referee contends that he was unreasonably annoyed by the attorney for the owner of the equity of redemption, who opposes this motion, but I know of no law or rule by which I can compensate him for such annoyance. He must find some other remedy.

Motion denied.