ROBIE F. OSBORN, Appellant, *v.* DEGRAAF BUILDING CORPORATION
and Others, Defendants.
SAMUEL E. GOLDSTEIN, Referee to Sell, Respondent.

Third Department, July 1, 1932.

*Sackett, Chapman, Brown & Cross* [*Michael D. Reilly* of counsel],
for the appellant.

*Samuel E. Goldstein,* in person, and *Avrom M. Jacobs,* for the
respondent.

PER CURIAM. The respondent was appointed referee to sell
by the judgment of foreclosure, wh ch directed that the referee
should pay $100 to himself for his fees. The sale took place shortly
thereafter and the property was sold to the plaintiff, the mortgagee,
who was the only bidder, for the sum of $250 000. The property
having been bid in by the plaintiff, her attorney and the referee
signed a waiver of the deposit of ten per cent of the purchase price,
and accordingly no moneys came into the hands of the referee for
the custody of which he would otherwise have been responsible.
No papers of any kind were prepared by the referee. All were
prepared by the plaintiff's attorney. The referee admits that the
total time consumed by him was not over an hour in connection
with both the sale and the execution and delivery of the deed. He
makes no claim to have performed any unusual services or to have
been put to unusual trouble. Nevertheless he has been allowed

$300 as an extra allowance. It would be difficult to find a clearer case in which to present the question whether the fact that a price of $10,000 or upwards obtained by the referee on a foreclosure sale would be in and of itself sufficient basis for such an allowance.

Section 1546 of the Civil Practice Act (as amd. by Laws of 1928, chap. 846) (formerly Code Civ. Proc. § 3297) provides: " And a referee's compensation, including commissions, where the sale is under a judgment in an action to foreclose a mortgage cannot exceed one hundred dollars * * * unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper."

The price obtained is at least one of the governing factors in determining whether an extra allowance should be made, but we agree that it should not govern alone. " It is permitted in that event, but should only be granted where the circumstances show that the referee performed unusual services or was put to unusual trouble. The tendency should be to keep these charges down instead of adding to the burdensome expense of foreclosure, much of which is wholly unnecessary." (*Chisholm* v. *Hopson*, 182 App. Div. 856, 857.) (See, also, *Lichtenstein* v. *Globe Tile Co., Inc.*, 215 App. Div. 828, decided on the authority of that case.) We agree that the extra allowance provision " applies only to cases where some unusual or exceptional labor has been performed by the referee." (*James* v. *Peppard Realty Co., Inc.*, 108 Misc. 565.) Unless the referee has actually received and is accountable for $10,000 or more in cash, he has not even any proportionately greater responsibility by reason of such fact. (*Hosmer* v. *Gans*, 14 Misc. 229; *Metropolitan Life Ins. Co.* v. *Bendheim*, 59 N. Y. Supp. 793; *Dime Savings Bank of Brooklyn* v. *Pettit*, Id. 794.) The extra compensation should not be necessarily commensurate with the amount of the selling price, although, if actually received and accounted for, the amount may well be considered; but the allowance and its amount should be fairly commensurate with some unusual or exceptional services actually rendered, including the responsibility for safekeeping and accounting for the funds.

The order should be reversed upon the law and the facts, without costs, and the motion denied, without costs.

All concur; McNamee, J., not voting.

Order reversed on the law and facts, without costs, and motion denied, without costs.