REBECCA RACE *v.* ARTHUR GILBERT, Respondent, S. N. DADA, Referee, etc., Appellant.

Under the provision of the Code of Civil Procedure (§ 3297), prescribing what fees are to be allowed a referee "appointed to sell real estate pursuant to a judgment," in all cases where the referee is not required to pay the proceeds of sale into court for it to distribute in accordance with the judgment, but that duty is imposed upon the referee, he is entitled to the additional compensation allowed by said provision.

The fee of the referee for drawing and executing a conveyance to the purchaser is properly chargeable to the grantee. (Code of Civil Procedure, § 3307, subd. 9.)

(Argued March 12, 1886; decided April 27, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 5, 1884, which affirmed an order of Special Term fixing the fees of the appellant above named, a referee appointed herein to sell in pursuance of the judgment the real estate described therein.

This was an action for partition, the judgment directed the sale of the real estate by the appellant as a referee, and a distribution by him of the proceeds as prescribed by the judgment.

The referee claimed the additional compensation allowed by section 3297 of the Code of Civil Procedure, where a referee is required " to distribute or apply or ascertain and report upon the distribution or application of any of the proceeds of sale." He also charged $2 for " drafting deed." These two items were disallowed.

*S. N. Dada*, appellant, in person.   The referee was entitled to the fees charged for drafting the deed and commissions on one-half the amount distributed.   (Code of Civ. Pro., §§ 3297, 3307, 1580.)

*Geo. B. Warner* for respondents.   The statute of distributions of this State has reference to a distribution of the estate of deceased persons among the heirs, according to their degree of consanguinity.  (2 Kent's Com. 420 ; R. S. [Banks' 7th ed.] 2303.)   The referee did not distribute  the proceeds of the sale within the meaning of section 3297 of the Code, to entitle him to commissions ; he must have performed some duty subsequent to the sale, aside from the mere payment of the money to the parties entitled thereto.  (*Schermerhorn* v. *Prouty*, 80 N. Y. 317 ; *Maher* v. *O' Connor*, 1 Code R. 158 ; *Lockwood* v. *Fox*, id. 407.)

FINCH, J.   This appeal turns upon the construction of section 3297 of the Code of Civil Procedure which has been phrased so differently from the enactments upon which it was founded as to make its real meaning doubtful and debatable.  It gives to a referee, appointed by the court to sell real estate, in addition to the fees allowed a sheriff for the same service, a commission where he " is required to take security upon a sale or to distribute or apply, or ascertain and report upon the distribution or application of any of the proceeds of sale."   Where a sheriff is appointed to make such a sale he is entitled to receive, in most of the counties of the State, three per cent upon the first $250 and two per cent upon the balance of the proceeds besides a fee for advertising and making the conveyance and his printing disbursements.  (§ 3307.)   But if a referee is

appointed to do the same service he is allowed the full compensation of the sheriff and a liberal commission beside. Why this should be so is not very apparent, and the seeming injustice of the rule has led the courts below to a construction that paying over the proceeds to the parties entitled, or applying them upon outstanding incumbrances in pursuance of a decree which makes that duty purely ministerial, and therefore, as capable of performance by a sheriff as a referee does not entitle the latter to the additional compensation. But it must be conceded that in the ordinary use of language a payment of the proceeds to the parties entitled, in accordance with their respective rights, is a " distribution " of such proceeds; and a payment upon incumbrances " applies " the sum paid thereon so that the referee in the present case stands within the letter of the provision. There is no difficulty in construing the section according to its terms nor any need of clothing them with an unexpressed meaning. The statute gives to a referee additional compensation when he is required to do certain things, one of which is to distribute or apply the proceeds in accordance with the decree. The court may, in a given case, require the referee to make the sale and pay the proceeds into court. In some instances that is the proper order to make (§§ 1563; 1568, 1570), and in such case the court distributes or applies the fund for itself. In that event the referee earns no commissions. But where the court does not make its own distribution of the proceeds and imposes that duty on the referee, leaving him to bear the responsibility of a correct and proper distribution to the parties entitled, an added commission is given. Nor is this quite so unjust as it seems. Ordinarily the distribution is a very simple matter. The decree serves as an absolute guide, and may be obeyed by a sheriff without professional skill. In such a case the obvious duty of the court is to appoint the sheriff to make the sale, and not add to the expenses of the parties by insisting upon the needless luxury of a referee ; and where such is the character of the distribution we must assume that the sheriff will be appointed. But all distributions guided by the decree are not equally simple

or free from difficulties. Some of them are quite complicated, involving unusual calculations and an ability to accurately understand the details of the judgment rendered. In such a case it may be wise and prudent not to commit the duty to a sheriff, but impose it upon some referee possessing the requisite skill and ability, and when that is done it is not unreasonable to allow for the service a larger sum than would be given to the sheriff. The construction of the courts below labors under the serious difficulty that no case can easily be imagined in which the added compensation would be earned upon a distribution. The court must solve all questions and determine fully the rights of the parties, and no room is ordinarily left for any action except implicit obedience to the decree rendered. It is quite true that the provision of the Code is capable of great abuse, and it is possible that referees are appointed to make sales when the more economical process of appointing the sheriff should be the one adopted; but if any such habit prevails it may be easily corrected, and no careless exercise of the discretion conferred is to be assumed. In this case the referee was entitled to the commissions which the courts have withheld. They decided correctly that the fee for drawing the deed was chargeable to the grantee.

So much of the order of the General Term as denies the right to commissions should be reversed, without costs to either party as against the other.

All concur, except RUGER, Ch. J., and MILLER, J., not voting.

Ordered accordingly.