(21 Civ. Proc. R. 105.)

### SADLER v. LYON et al.

(Common Pleas of New York City and County, Special Term. November 12, 1894.)

MORTGAGES—FORECLOSURE—FEES OF REFEREE.
> Where two mortgages are foreclosed in one action, and the sale is had under one judgment, the referee is not entitled to double fees, under Code Civ. Proc. § 3297, providing for certain fees "in an action to foreclose a mortgage."

Action by Annie M. Sadler against Dore Lyon and others to foreclose two mortgages. Plaintiff moves to compel the referee to pay over the sum of $50, which he had retained, claiming that he was entitled to it as part of his fees. Granted.

Thomas C. Ennever, for the motion.
W. Watson, opposed.

GIEGERICH, J.    This action was brought to foreclose two mortgages upon adjoining pieces of property, which were made by the defendants, Dore Lyon and wife, to the plaintiff.    There was one complaint, wherein two causes of action are set forth.    There was but one judgment of foreclosure and sale granted and entered, and William Watson was appointed referee to sell the property.    There was only one advertisement of sale, and the property was sold in separate parcels, as required by law, the same having been purchased by the plaintiff, who subsequently took title to said property.    The referee claims that he is entitled to $110 and disbursements,—in other words, to double fees,—because there were two mortgages foreclosed in and by the action.    Plaintiff's counsel, on the other hand, contends that the referee is not entitled to more than $60 in any event.    Exceptions to the referee's report of sale having been filed, the matter is now brought up on a motion to compel the referee to pay over $50 as having been improperly retained by him.    The referee argues that the holder of two mortgages on separate parcels of land cannot foreclose both of them in one action, and that "the plaintiff having had the benefit of two foreclosures in one action by violating law, cannot be heard to say that the two foreclosures are one action."    Section 3297 of the Code of Civil Procedure provides that "the fees of a referee appointed to sell real property, pursuant to a judgment in an action, are the same as those allowed to the sheriff and he is allowed the same disbursements as the sheriff";    and further provides that "a referee's compensation, including commissions, cannot, where the sale is under a judgment in an action to foreclose a mortgage, exceed fifty dollars."    The sheriff's fees in cases of sales on foreclosure are fixed by statute (Laws 1869, c. 569, § 2) as follows:

"For receiving order of sale and posting notices of sale, ten dollars; for attending sale, ten dollars; for drawing each deed of premises sold, five dollars; for attending and adjourning a sale at the request of the plaintiff in the action or by order of the court, three dollars, but no more than three such adjournments shall be charged for; for making report of sale, five dollars; for paying over surplus moneys, three dollars."

The referee insists that the following language of said section 3297, viz. "where the sale is under a judgment in an action to foreclose a mortgage," evinces an intention on the part of the law-making power to allow double fees where two mortgages are foreclosed in and by one and the same action.    If this is so, then surely the argument advanced by the referee—that there was an improper joinder of causes of action herein—is fallacious.    But the question does not turn upon the right of the plaintiff to foreclose two mortgages in this action, as the objection, if one existed, has been waived by the failure of the defendants to demur to the complaint.    Code Civ. Proc. § 499.    The intention of the legislature in passing the provisions of section 3297, supra, relative to $50, was not to increase, but merely to fix, the maximum of fees.    Schermerhorn v. Prouty, 80 N. Y. 317.    Moreover, the words used in said section were merely intended to designate the character of the action.    It follows that the referee is not entitled to double fees herein.

I am confirmed in these views by almost similar language employed in section 3252, relative to additional allowances, and by the provisions of the statute of 1869, relative to the charge for "drawing each deed of premises sold," which indicates an intention to permit the sale of several pieces of property under one judgment of foreclosure and sale. But assuming, for argument's sake, that these views are founded in error, the referee's fees are nevertheless assailable in the light of the above-cited statute. Conceding that he is entitled to double fees he can charge only for the following services:

For receiving order of sale and posting notices................... $10 00
For attending sale.................................................... 10 00
For report of sale ................................................... 5 00

Total .................................................... $25 00

There having been no adjournment, and there being no surplus, he cannot make a charge therefor.

The referee cannot properly claim the fee for drawing a deed to the purchaser, as that is chargeable to the grantee. Race v. Gilbert, 102 N. Y. 298, 6 N. E. 592. But, as the plaintiff bid in the property, the fee of $5 for drawing each deed is allowed. This brings up the total amount to $30, and if the referee is allowed double fees, which I am not prepared to concede, he would not be entitled to more than $60. Inasmuch as the referee has retained the sum of $110 for his fees, when, as has been shown, he is entitled at most to $60, the motion must therefore be granted.