(97 App. Div. 118.)

### KANT v. BERGMAN et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. REAL ESTATE—JUDICIAL SALE—REFEREES—FEES.

Code Civ. Proc. § 3307, subd. 11, provides that a sheriff shall receive for posting and publishing notice of sale, selling, and conveying real estate in pursuance of a judgment the same fees as for the same services on a sale of real property by virtue of an execution; but where real property is sold under a judgment in an action to foreclose a mortgage the sheriff's entire compensation cannot exceed $50. Subdivision 6 provides that for receiving an execution against property entered in his books, searching for property, and postage on the return when made through the post office, the sheriff shall receive 50 cents. *Held*, that a referee appointed to sell real estate was entitled only to the fees specified by subdivision 11, which impliedly excludes a fee of 50 cents for receiving a judgment under subdivision 6.

2. SAME—COMMISSIONS.

Under Code Civ. Proc. § 3297, providing that the fees of a referee appointed to sell real property are the same as those allowed to a sheriff, and that commissions shall not be allowed to him on the sum bid by the party and applied on the party's demand as fixed by the judgment without being paid to the referee so appointed, except to the amount of $10, a referee is not entitled to more than $10 for commissions, where the sum bid was paid on the judgment without passing through the hands of the referee.

Appeal from Special Term, Nassau County.

Action by Niles G. Kant against Anna Bergman and others. From an order entered on a motion at Special Term to tax the costs of James M. Seaman, referee, appointed to sell real estate, plaintiff appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

A. W. Varian, for appellant.

R. J. Shadbolt, for respondent.

PER CURIAM. We think that subdivision 6 of section 3307 of the Code of Civil Procedure does not authorize the referee to charge 50 cents for receiving the judgment of sale. Subdivision 11 of this section specifies services for which a fee may be charged, the same as for similar services upon the sale of real property by virtue of an execution; but it does not include, and therefore impliedly excludes, a fee for receiving the judgment.

The referee was not entitled to more than $10 for commissions allowed by section 3297 of the Code of Civil Procedure, inasmuch as it appears that such commissions are based upon a sum bid by a party and applied upon that party's demand as fixed by the judgment without being paid to the referee.

The order is thus modified, and, as modified, is affirmed, without costs.