(87 Misc. Rep. 227)

HARBURGER et al. v. ST. JOHN'S AFRICAN M. E. CHURCH et al.

(Supreme Court, Special Term, Kings County. October 21, 1914.)

MORTGAGES (§ 582*)—FORECLOSURE BY ACTION—REFEREE'S FEES.

Under Code Civ. Proc. § 3297, allowing the referee the same fees for sale of real property as the sheriff receives, and section 3307, fixing the sheriff's fees, a referee, who sold property on foreclosure of a second mortgage, where the amount of the bid was $100, is entitled only to 2½ per cent. as commission after distributing the proceeds, making total of $9, and is not entitled to a minimum fee of $50, regardless of the amount of the bid.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1661, 1663; Dec. Dig. § 582.*]

Action by Simon Harburger and others against the St. John's African Methodist Episcopal Church and others to foreclose a mortgage. On exceptions to the referee's report. Referee's fees fixed.

Stanley Holcomb Molleson, of New York City, for plaintiff.
William Watson, of Brooklyn, referee.

CRANE, J. A question has arisen here as to the amount of the referee's fees and charges for making the sale under the final judgment in foreclosure. The property sold for $100 over and above the prior incumbrance. It seems to be a prevalent belief that a referee is entitled to $50 upon a sale, irrespective of the purchase price, but this is not so.

Section 3297 conforms the referee's fees to the fees of the sheriff in all actions where real property is sold pursuant to a judgment. Subdivision 11 of section 3307 makes the sheriff's fees for a sale under a judgment the same as his fees for a sale under execution, which are fixed by subdivision 7 of section 3307 at 3 per cent. on the first $250 and 2 per cent. on the residue, except in New York, Kings, and Westchester, where it is 2½ per cent. on the first $250 and 1½ per cent. upon the residue. To these fees must be added $2 for advertising the property for sale and $2 for drawing the deed, unless paid by the grantee. Kant v. Bergman, 97 App. Div. 118, 89 N. Y. Supp. 593, and reference to the appeal book. By section 3297 and subdivision 7 of 3307 these fees for either the sheriff or the referee in foreclosure cases cannot exceed $50, except where the property is sold for $10,000 or over, in which it cannot exceed $500.

Besides these fees, which are allowed to the referee or sheriff upon the sale, there is an additional amount, which may be awarded in the way of commissions, where the referee is required to take security upon a sale, or to distribute or apply or ascertain and report upon the distribution or application of any of the proceeds of the sale. This commission is one-half of those allowed by law to an executor or administrator for receiving and paying out money; that is, one-half of 5 per cent. upon the first $1,000, 2½ per cent. upon the next $10,000, and 1 per cent. upon the residue. Maher v. O'Conner, 1 Civ. Proc. R. 158; section 2753, Code of Civil Proc. Where the

plaintiff bids in the property, and the amount bid is applied to his claim, these commissions cannot exceed $10. The local laws applicable to Kings county (chapter 167, Laws 1889, amending chapter 439, Laws 1876) have been repealed by chapter 436 of the Laws of 1906.

As the mortgage to be foreclosed in this case was not a first mortgage, the equity brought but a very small amount at the sale; the price being $100 over prior incumbrances. Applying the above percentages, the referee gets 2½ per cent., or $2.50, plus $2 for advertising and $2 for the deed, to which is to be added one-half of 5 per cent. for commissions, or $2.50, making $9; and his expenses.