BESSIE WALLACE and Others, Plaintiffs, *v.* CLARENCE A. STONE and Others, Defendants.

Supreme Court, Onondaga County, May 14, 1926.

Mortgages — foreclosure — referee's fees and commissions — Civil Practice Act, § 1546, limiting commissions of referee appointed to sell real property to ten dollars applies to his commissions and not to fees — Civil Practice Act, § 1546, permits commissions in addition to fees — referee herein entitled to sum of fifty dollars.

The provision of section 1546 of the Civil Practice Act limiting a referee's commissions to ten dollars applies only to his commissions, and not to his fees; to the extra allowance given him when he is required to take security upon a sale, or to distribute or apply any of the proceeds of the sale, and not to his fees based upon a percentage of the purchase price and which are allowed the sheriff, if he is designated to sell.

Accordingly, in an action to foreclose a mortgage where, after the property was bid in on the sale by the plaintiff for the sum of $1,000, $100 of the purchase

price was paid the referee and the balance credited by the plaintiff on the amount due upon the bond and mortgage, the referee's fees should be figured on a basis of five per centum of $250, and three per centum on $750, the balance of the purchase price, $2 for posting and publishing notice of sale, and $5 for the deed. In addition to these fees, the referee is entitled to commissions at one-half the rate allowed an executor or administrator for receiving and paying out money, which in this instance must be limited to $10, since the property was bid in by the plaintiff and the larger part of the purchase price was applied on the amount due on the bond and mortgage; though the total compensation to which the referee is entitled aggregates $52, since that sum exceeds the limit allowed when the property is sold for less than $10,000, the compensation must be fixed at $50.

MOTION to fix referee's fees in action to foreclose mortgage.

*Gerber & Winkelstein,* for the plaintiff.

*James E. Newell,* referee, in person.

EDGCOMB, J. This is an action to foreclose a mortgage. The property was bid in on the sale by the plaintiff for the sum of $1,000. One hundred dollars of the purchase price was paid to the referee, and the balance was credited by the plaintiff on the amount due upon the bond and mortgage. A dispute has arisen over the compensation to which the referee is entitled. Plaintiff insists that $10 is the limit of such allowance. The referee thinks otherwise.

The fees of a referee upon sales of real property are governed by statute. Section 1546 of the Civil Practice Act fixes such fees as follows: " The fees of a referee appointed to sell real property pursuant to a judgment in an action are the same as those allowed to the sheriff, and he is allowed the same disbursements as the sheriff. Where a referee is required to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he is also entitled to one-half of the commissions upon the amount so secured, distributed or applied, allowed by law to an executor or administrator for receiving and paying out money. But commissions shall not be allowed to him upon a sum bidden by a party, and applied upon that party's demand as fixed by the judgment, without being paid to the referee, except to the amount of ten dollars. And a referee's compensation, including commissions, where the sale is under a judgment in an action to foreclose a mortgage, cannot exceed fifty dollars, unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper, or in any other cause five hundred dollars."

Plaintiff insists that the clause in the above section, which provides that commissions shall not be allowed a referee upon a sum bidden by a party and applied upon that party's demand as fixed

by the judgment without being paid to the referee, except to the amount of ten dollars, limits the referee to that sum for his entire compensation for selling the real property described in the judgment no matter what sum his fees might otherwise figure. I cannot agree with such contention.

It will be noted that the first sentence of the above section gives to a referee the same fees as those allowed the sheriff for similar work. By section 1558 of the Civil Practice Act the sheriff's fees are fixed at a given percentage of the purchase price of the property sold. Section 1546 provides that in case the referee is required to take any security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale he shall be entitled, over and above the fees allowed the sheriff, a further sum in the shape of commissions. These commissions are not given to the sheriff in case he is appointed to sell, but they are awarded to a referee, provided he is required to do the things enumerated in the statute. (*Race* v. *Gilbert,* 102 N. Y. 298.)

The section in question uses the two words " fees " and " commissions," and seems to make a distinction between the two. The fees are always allowed a referee; the commissions only when he is required to do certain specified things. As a further intention of the Legislature to distinguish between the two terms, we find in the last sentence of the section a reference to a referee's " compensation," and a provision that it, " including commissions," shall not exceed the sum of fifty dollars in an action to foreclose a mortgage unless the property sold for ten thousand dollars or upwards.

It is apparent, therefore, that the provision limiting a referee's commissions to ten dollars applies only to his commissions, and not to his fees; to the extra allowance given him when he is required to take security upon a sale, or to distribute or apply any of the proceeds of the sale, and not to his fees based upon a percentage of the purchase price and which are allowed the sheriff, if he is designated to sell. (*Harburger* v. *St. John's A. M. E. Church,* 87 Misc. 227; *Brighton H. D. Co.* v. *Interboro H. Builders Co.,* Id. 225.)

The referee's fees should be figured on a basis of five percentum on two hundred and fifty dollars, and three per cent on seven hundred and fifty dollars, the balance of the purchase price, and two dollars for posting and publishing notice of sale, and five dollars for the deed. This makes a total of forty-two dollars. In addition to these fees the referee is entitled to commissions at one-half the rate allowed an executor or administrator for receiving and paying out money, but as the property was bid in by the plaintiff, and the larger part of the purchase price was applied on the amount due the plaintiff on the bond and mortgage, such commission is limited

to ten dollars. This would make the total compensation to which the referee is entitled fifty-two dollars, but as that sum exceeds the limit allowed when the property sold for less than ten thousand dollars, the referee's compensation must be fixed at fifty dollars over and above his disbursements.

Prepare an order in accordance with this opinion.