PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, *v.* THOMAS HOGAN, Appellant, Impleaded with Others, Defendants.

Fourth Department, March 16, 1932.

*Thomas Hogan,* for the appellant.

*Bond, Schoeneck & King* [*William D. Johnson* of counsel], for the respondent.

CROUCH, J. Upon an application to fix the compensation of a referee to sell real property under a judgment in foreclosure, the

county judge allowed $300 to the referee in addition to fees, commissions and disbursements amounting to $150.15. The asserted authority for the additional compensation is the discretionary provision of section 1546 of the Civil Practice Act. The amount of the mortgage debt as fixed in the judgment with interest to the date of the referee's report of sale is stated in the report as being $108,155.16. At the sale the property was bid in by the plaintiff for $112,000. Ten per cent thereof, or $11,200, seems to have been paid to the referee, although the record here does not show that fact. The report discloses disbursements by the referee for taxes, costs and his own compensation amounting to $7,798.29, and the payment to the attorneys for the plaintiff of the balance of the sum bid, to wit, $104,201.71, to apply on the mortgage debt. Assuming that plaintiff paid to the referee in cash the sum of $11,200 as above stated, the difference between that sum and the sum of $7,798.29 actually disbursed by the referee, was paid back to the plaintiff as part of the $104,201.71.

Under section 1546 of the Civil Practice Act the compensation of a referee to sell in a foreclosure action may consist (a) of fees, which are those allowed to the sheriff and hence subject to the limitation of fifty dollars specified in section 1558, subdivision 11, of the Civil Practice Act; (b) of commissions, where he is required to perform certain specified duties, including, as here, the duty of receiving and of distributing or applying any of the proceeds of sale. But commissions are to be computed only on the basis of cash or security actually received and paid out or turned over. Where plaintiff bids in the mortgaged property, so much of the bid as is applied upon the debt due plaintiff is not a basis for commissions, except to the amount of twenty-five dollars. Moreover, " unless the property sold for ten thousand dollars or upwards," the total amount of the fees and commissions may not exceed $100; (c) of such additional compensation as to the court may seem proper, in case the property sold for $10,000 or upwards.

The computation of fees presents no difficulty. The computation of commissions should be equally simple. Upon that portion of the bid which is " paid to the referee " in cash or security and which he is required to distribute or apply, he is entitled to commissions equal to one-half of the commissions allowed by law to an executor or administrator. Upon that portion of the bid which is not " paid to the referee " in cash or security, but which is applied as a matter of bookkeeping to the debt due plaintiff, the referee is also entitled to like commissions, but only to the amount of twenty-five dollars. Where the property sells for less

than $10,000, the total compensation by way of fees and commissions may not exceed $100. Where the property sells for $10,000 or upwards, that limitation does not apply. Ordinarily property is " sold for ten thousand dollars or upwards," within the meaning of the statute, when the sale is completed under an accepted bid of such an amount. But there may be exceptions. (Cf. *Hosmer* v. *Gans*, 14 Misc. 229.) The item of additional compensation, if any, is left to the discretion of the court. That discretion should be cautiously exercised within the limits suggested in the opinion in *Chisholm* v. *Hopson* (182 App. Div. 856). The application should be made and granted only upon proof by affidavit of facts clearly justifying an allowance.

The procedure upon the application herein was informal and the record before us is meagre. Upon that record, however, we are of the opinion that the compensation of the referee was erroneously fixed. The order appealed from should be reversed, with ten dollars costs and disbursements, and the matter remitted to the County Court to proceed in accordance with this opinion.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order reversed on the law and facts, with ten dollars costs and disbursements, and matter remitted to the County Court to proceed in accordance with the opinion.