ALICE M. RYAN, Appellant, *v.* MAJESTIC HOME BUILDERS, INC., and Others, Defendants, Impleaded with WORDEN E. WINNE, Respondent.

Second Department, April 21, 1933.

*Albert W. Brown,* for the appellant.

*Worden E. Winne,* for the respondent.

YOUNG, J. The action was brought to foreclose a mortgage. The property was sold to plaintiff for $360. The referee claimed as his fee on the sale $100, which plaintiff refused to pay. Upon the referee's motion an order was made by the Special Term fixing the fee at $100 on the authority of *Edbro Realty Co., Inc.,* v. *Clarey* (141 Misc. 779; affd., 235 App. Div. 714).

Section 1546 of the Civil Practice Act provides as follows: " The fees of a referee appointed to sell real property pursuant to a judgment in an action are the same as those allowed to the sheriff, and he is allowed the same disbursements as the sheriff. Where a referee is required to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he is also entitled to one-half of the commissions upon the amount so secured, distributed or applied, allowed by law to an executor or administrator for receiving and paying out money. But commission shall not be

allowed to him upon a sum bidden by a party, and applied upon that party's demand as fixed by the judgment, without being paid to the referee, except to the amount of twenty-five dollars. And a referee's compensation, including commissions, where the sale is under a judgment in an action to foreclose a mortgage cannot exceed one hundred dollars or in any other cause five hundred dollars, unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper."

*Edbro Realty Co., Inc.,* v. *Clarey (supra)* was an action to foreclose a tax lien, the procedure in which is governed by the same practice as actions to foreclose mortgages on real property. The property was bid in for ten dollars by the plaintiff, who contended that the referee was entitled only to seven dollars and fifty cents under sections 1546 and 1548 of the Civil Practice Act. Without citing any authorities to sustain its position, the court held that the referee was entitled to a fee of $100.

Section 1558, subdivision 11, provides that the sheriff is entitled for posting and publishing notice of sale, selling and conveying real property under a judgment, the like fees as for the same services upon the sale of real property by virtue of an execution, but that, where real property is sold under a judgment in an action to foreclose a mortgage, his entire compensation cannot exceed fifty dollars. Subdivisions 7, 8 and 9 of the same section fix the sheriff's fees upon a sale under execution. Section 285 of the Surrogate's Court Act, so far as material on this appeal, fixes the commissions of an executor and administrator for receiving and paying out money at five per cent on all sums not exceeding $2,000. The referee in the case at bar, under the above provisions, is entitled to the following fees and commissions: Sheriff's fee under section 1558, subdivision 7, for collecting money, five per cent on the first $250, and three per cent on the residue, amounting to $15.80; under subdivision 8, for advertising property for sale, $2; under subdivision 9, for making duplicate certificates of sale, twenty-five cents per folio, $2, and for drawing and executing conveyance, $5, and the referee's commissions, $9, a total of $33.80, besides his disbursements.

In my opinion, section 1546 *(supra)* may not be so construed as to authorize the court to allow a referee in a foreclosure action $100 for his fees and commissions, unless they amount to that sum when computed as provided by that section. (*Harburger* v. *St. John's A. M. E. Church,* 87 Misc. 227; *Wallace* v. *Stone,* 127 id. 358; *Prudential Ins. Co. of America* v. *Hogan,* 235 App. Div. 196; *Kant* v. *Bergman,* 97 id. 118.)

I think that the case of *Edbro Realty Co., Inc.*, v. *Clarey* (*supra*) is contrary to the weight of authority.

It is to be noted that section 1546 of the Civil Practice Act (relating to referee's fees) does not contain a provision corresponding to that included in section 1547 (relating to receiver's fees) that if the receiver's fees shall not amount to $100 the court may allow an additional fee not exceeding $100.

The order should, therefore, be modified by striking out the provision fixing the referee's fees at $100 and by substituting therefor a provision fixing such fees at $33.80, and as so modified affirmed, without costs.

LAZANSKY, P. J., HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Order modified by striking therefrom the provision fixing the referee's fees at $100 and by substituting a provision fixing such fees at $33.80, and as so modified affirmed, without costs.