The Railroad Co-Operative Building and Loan Association, Plaintiff, *v.* Mario Cautero and Others, Defendants.

Supreme Court, Bronx County, January, 1934.

*Crandall, Grant & Williams* [*Arthur J. Shaw* of counsel], for the plaintiff.

*Lawrence R. Condon* [*Osborne A. McKegney* of counsel], referee in *pro se.*

Cotillo, J. This is an application by the plaintiff for an order compelling the referee to sell herein to accept the sum of fifty dollars in payment of his fees as such referee and to deliver a deed to plaintiff and sign and file his report of sale. There is also a cross-application by the referee for an order fixing his fees, commissions and allowances at the sum of one hundred dollars and compelling the plaintiff to complete its contract of purchase and sale herein. The facts are undisputed. The applications raise a single question of law as to the amount of compensation to be paid to a referee to sell in an action to foreclose a mortgage. The plaintiff contends that the fee of a referee to sell is limited to the fees, commissions and disbursements as provided for in section 1546 of the Civil Practice Act and that the court is without power to award additional compensation to the referee. The fees of a referee to sell real property in an action to foreclose a mortgage are fixed by section 1546 of the Civil Practice Act which reads as follows: " Fees of referees upon sales of real property. The fees of a referee appointed to sell real property pursuant to a judgment in an action are the same as those allowed to the sheriff, and he is allowed the same disbursements as the sheriff. Where a referee is required to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he is also entitled to one-half of the commissions upon the amount so secured, distributed or applied, allowed by law to an executor or administrator for receiving and paying out money. But commission shall not be allowed to him upon a sum bidden by a party, and applied upon that party's

demand as fixed by the judgment, without being paid to the referee, except to the amount of twenty-five dollars. And a referee's compensation, including commissions, where the sale is under a judgment in an action to foreclose a mortgage, cannot exceed one hundred dollars or in any other cause five hundred dollars, unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper."

The plaintiff relies upon a decision rendered in the Second Department (*Ryan* v. *Majestic Home Builders, Inc.,* 238 App. Div. 167), while the referee calls to the attention of the court the decision in *Edbro Realty Co., Inc.,* v. *Clarey,* 141 Misc. 779; affd., without opinion, 235 App. Div. 714). The court is constrained to follow the ruling in case of *Edbro Realty Co., Inc.,* v. *Clarey (supra).* The plaintiff's motion is denied and the referee's cross-motion is granted. Settle order.