THE RAILROAD CO-OPERATIVE BUILDING AND LOAN ASSOCIATION, Appellant, *v.* MARIO CAUTERO and Others, Defendants. LAWRENCE R. CONDON, Referee, Respondent.*

First Department, March 16, 1934.

*Arthur J. Shaw, Jr.*, of counsel [*Crandall, Grant & Williams*, attorneys], for the appellant.

*Lawrence R. Condon*, in person [*Osborne A. McKegney* with him on the brief], for the respondent.

MERRELL, J. The judgment of foreclosure and sale herein was made and entered on August 11, 1933, in Supreme Court, Bronx county. The property was purchased by plaintiff at public auction on September 18, 1933, for $500. The uncontroverted facts are that the attorneys for plaintiff prepared the notice of sale; attended to its publication; served copies on all parties entitled thereto; arranged for the auctioneer to be present at the sale; prepared the

---

* Revg. 149 Misc. 878.

terms of sale, referee's deed, and referee's report of sale. The plaintiff's attorneys attended to the payment of all taxes, procuring receipts therefor, and paid the auctioneer's fees and disbursements; procured the affidavits of publication of the notice of sale; paid the bill of the advertising agency, procuring receipts therefor; and did all the work in connection with the sale and its consummation. This is in accord with the usual practice in foreclosure actions. The referee did nothing, except to attend the sale at its date and sign the terms and memorandum of sale. All that the referee has yet to do is to execute the referee's deed and sign and verify his report of sale, which papers have been prepared by the attorneys for the plaintiff. The question presented by this appeal is whether the court was justified in allowing the referee $100 and in denying the motion of the plaintiff's attorneys that he accept $50 where, as shown here, he performed no unusual, burdensome or extraordinary services.

The fees of a referee on the sale of real property are provided by section 1546 of the Civil Practice Act. That section provides as follows:

" § 1546. Fees of referees upon sales of real property. The fees of a referee appointed to sell real property pursuant to a judgment in an action are the same as those allowed to the sheriff, and he is allowed the same disbursements as the sheriff. Where a referee is required to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he is also entitled to one-half of the commissions upon the amount so secured, distributed or applied, allowed by law to an executor or administrator for receiving and paying out money. But commission shall not be allowed to him upon a sum bidden by a party, and applied upon that party's demand as fixed by the judgment, without being paid to the referee, except to the amount of twenty-five dollars. And a referee's compensation, including commissions, where the sale is under a judgment in an action to foreclose a mortgage cannot exceed one hundred dollars or in any other cause five hundred dollars, unless the property sold for ten thousand dollars or upwards, in which event the referee may receive such additional compensation as to the court may seem proper."

In denying plaintiff's motion and in granting the referee a fee of $100, the justice at Special Term below did so upon the authority of *Edbro Realty Co., Inc.,* v. *Clarey* (141 Misc. 779; affd., without opinion, 235 App. Div. 714). Section 1546 has been construed by the Appellate Divisions in the Second and Fourth Departments — in the Second Department in *Ryan* v. *Majestic Home Builders, Inc.* (238 App. Div. 167) and in the Fourth Department in *Prudential*

*Ins. Co. of America* v. *Hogan* (235 App. Div. 196). In our opinion said decisions in the Second and Fourth Departments, construing section 1546, both of which decisions were based upon well-considered opinions in said Appellate Division, correctly held that a referee to sell, under circumstances prevailing in the case at bar, cannot receive to exceed fifty dollars. In *Ryan* v. *Majestic Home Builders, Inc.* (238 App. Div. 167), Justice YOUNG, writing for the Appellate Division, Second Department, in discussing the affirmance by this court of an allowance of $100 to the referee in the *Edbro* case, said: " Without citing any authorities to sustain its position, the court held that the referee was entitled to a fee of $100." An examination of the record shows that in the *Edbro* case there was no attempt to construe section 1546. The case of *Prudential Ins. Co. of America* v. *Hogan* (235 App. Div. 196) was decided in the Fourth Department, and in a very able opinion, Mr. Justice CROUCH, then sitting in that court, carefully construed section 1546 of the Civil Practice Act, as follows: " Under section 1546 of the Civil Practice Act the compensation of a referee to sell in a foreclosure action may consist (a) of fees, which are those allowed to the sheriff and hence subject to the limitation of fifty dollars specified in section 1558, subdivision 11, of the Civil Practice Act; (b) of commissions, where he is required to perform certain specified ·duties, including, as here, the duty of receiving and of distributing or applying any of the proceeds of sale. But commissions are to be computed only on the basis of cash or security actually received and paid out or turned over. Where plaintiff bids in the mortgaged property, so much of the bid as is applied upon the debt due plaintiff is not a basis for commissions, except to the amount of twenty-five dollars. Moreover, ' unless the property sold for ten thousand dollars or upwards,' the total amount of the fees and commissions may not exceed $100; (c) of such additional compensation as to the court may seem proper, in case the property sold for $10,000 or upwards.

" The computation of fees presents no difficulty. The computation of commissions should be equally simple. Upon that portion of the bid which is ' paid to the referee ' in cash or security and which he is required to distribute or apply, he is entitled to commissions equal to one-half of the commissions allowed by law to an executor or administrator. Upon that portion of the bid which is not ' paid to the referee ' in cash or security, but which is applied as a matter of bookkeeping to the debt due plaintiff, the referee is also entitled to like commissions, but only to the amount of twenty-five dollars. Where the property sells for less than $10,000, the total compensation by way of fees and commissions may not exceed

$100. Where the property sells for $10,000 or upwards, that limitation does not apply. Ordinarily property is ' sold for ten thousand dollars or upwards,' within the meaning of the statute, when the sale is completed under an accepted bid of such an amount. But there may be exceptions. (Cf. *Hosmer* v. *Gans*, 14 Misc. 229.) The item of additional compensation, if any, is left to the discretion of the court. That discretion should be cautiously exercised within the limits suggested in the opinion in *Chisholm* v. *Hopson* (182 App. Div. 856). The application should be made and granted only upon proof by affidavit of facts clearly justifying an allowance."

This department, in *Chisholm* v. *Hopson* (182 App. Div. 856), construed section 3297 of the Code of Civil Procedure, from which the present section 1546 of the Civil Practice Act is derived, and expressly held in accord with the construction placed upon section 1546 by the Second Department in the *Ryan* case and by the Fourth Department in the *Prudential* case, holding that in a case where a referee performs his official routine duties his commissions and fees under section 1546 are confined to $50, and that where the referee has performed no unusual service and has been put to no unusual trouble no additional allowance can be made. Certainly, the case at bar shows no facts or circumstances justifying an allowance to the referee of $100. Where a sale of mortgaged premises is for less than $10,000, the court has no discretion to make any additional allowance to a referee. The referee in the case at bar shows no circumstances justifying any additional allowance over that which a sheriff would receive on a sale of real property, which is confined to $50. Justice SHEARN, writing in *Chisholm* v. *Hopson* (*supra*), had this to say: " The mere fact that the sale realized more than $10,000 is not sufficient to warrant additional compensation. It is permitted in that event, but should only be granted where the circumstances show that the referee performed unusual services or was put to unusual trouble. The tendency should be to keep these charges down instead of adding to the burdensome expense of foreclosure, much of which is wholly unnecessary. The original fifty dollars fee was ample compensation for the service rendered."

We are, therefore, of the opinion that the court was unjustified in denying the motion of the plaintiff and in granting the referee a fee of $100. The order appealed from should be reversed, with twenty dollars costs and disbursements, and appellant's motion granted, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.