CHARLES A. HAVILAND, Plaintiff, *v.* DAVEDOR REALTY CORPORATION and Others, Defendants.

Supreme Court, Kings County, May 11, 1934.

*William B. Bailey*, for the motion.

*L. Donald Freund*, referee, opposed.

BONYNGE, J. This motion raises once again the question as to the proper compensation of a referee in foreclosure. The property was knocked down to the plaintiff on a bid of $2,500. No cash passed, as the plaintiff was permitted to apply his bid against the mortgage debt. Under the provisions of section 1546 of the Civil Practice Act the referee should receive:

*First.* The same fees as a sheriff for a like sale. (*Ryan* v. *Majestic Home Builders, Inc.*, 238 App. Div. 167.) These, computed in accordance with the rule laid down in the case just cited, would amount to ninety-six dollars and fifty cents, bearing in mind that the fees of sheriffs within the city of New York are higher than those in outlying counties. However, the total fees of any sheriff for selling under foreclosure are limited to fifty dollars by subdivision 11 of section 1558 of the Civil Practice Act.

*Second.* Additionally, for making a " report upon the * * * application of * * * the proceeds of the sale," one-half of the commissions of an executor, which amount is, in turn, limited to twenty-five dollars because the bid was applied upon the plaintiff's demand instead of being paid in cash. (Civ. Prac. Act, § 1546.)

It follows that the referee's total compensation must be fixed at seventy-five dollars. It may be added as a purely mathematical

dictum, of possible aid to others, that in any similar case where the plaintiff bids in the property for not less than $1,200 and not more than $9,999 the referee's fee will be the same amount. In the counties embraced within the city of New York, and also in the county of Westchester, the minimum bid entitling a referee to this compensation would be $1,000.

In its recent decision in the case of *Railroad Co-Operative B. & L. Assn.* v. *Cautero* (240 App. Div. 318) the Appellate Division, First Department, fixed the referee's fee at fifty dollars upon a plaintiff's bid of $500. While the learned court asserted its approval of the rule laid down in *Ryan* v. *Majestic Home Builders, Inc.* (*supra*), it is difficult to reconcile this assertion with the result actually reached, as it seems that if the formula of the *Ryan* case had been followed the result must have been a fee of forty-six dollars and fifty cents instead of fifty dollars.