BRONX SAVINGS BANK, Plaintiff, *v.* H. LEVIN, INC., and Others, Defendants.

Supreme Court, Bronx County, December 3, 1934.

*George K. Shields*, for the plaintiff.

*Edward M. Swinburne*, referee, *pro per.*

HAMMER, J.  This motion is by the plaintiff for an order fixing the fee of the referee to sell.  The action is to foreclose a mortgage on real property.  The referee has sold the property pursuant to a judgment of foreclsoure and sale and has delivered the referee's deed.  On the sale the plaintiff bid in the property for $7,000.  The referee did not handle any money, the down payment required by the terms of sale having been waived.  The referee made no distri-

bution of funds as the bid was applied by the plaintiff·on account of the mortgage indebtedness fixed by the judgment.

In this, all other counties of New York city, and in Westchester county, if the property sells for any amount less than $10,000 but not less than $1,000, such referee would seem to be entitled to $75 as compensation. The compensation is governed by section 1546 of the Civil Practice Act. In that section the method of computation is given and there is included by reference provisions of section 1558 and section 285 of the Surrogate's Court Act. *Railroad Co-Operative B. & L. Assn.* v. *Cautero* (240 App. Div. 318) correctly states the rule by reference to *Prudential Ins. Co. of America* v. *Hogan* (235 App. Div. 196, decided March 16, 1932). There CROUCH, J., now in the Court of Appeals, but then sitting in the Appellate Division, Fourth Department, stated: " Under section 1546 of the Civil Practice Act the compensation of a referee to sell in a foreclosure action may consist (a) *of fees*, which are those allowed to the sheriff and hence subject to the limitation of fifty dollars specified in section 1558, subdivision 11, of the Civil Practice Act, (b) *of commissions*, where he is required to perform certain specified duties, including, as here, the duty of receiving and of distributing or applying any of the proceeds of sale  *  *  *. The computation of fees presents no difficulty. The computation of commissions should be equally simple. Upon that portion of the bid which is ' paid to the referee ' in cash or security and which he is required to distribute or apply, *he is entitled to commissions equal to one-half of the commissions allowed by law to an executor or administrator. Upon that portion* of the bid which is *not* ' *paid to the referee* ' in cash or security, *but* which is *applied as a matter of bookkeeping to the debt* due plaintiff, *the referee is also entitled to like commissions, but only to the amount of twenty-five dollars.* Where the property sells for less than $10,000 the total compensation by way of fees and commissions may not exceed $100. Where the property sells for $10,000, or upwards, that limitation does not apply. Ordinarily property is ' sold for ten thousand dollars or upwards ' within the meaning of the statute, when the sale is completed under an accepted bid of such an amount. But there may be exceptions." (Italics mine.)

In *Railroad Co-Operative S. & L. Assn.* v. *Coutero* (*supra*) the amount of the bid was only $500, and the Special Term had fixed the compensation at $100 which necessarily included an additional allowance of $50. Upon appeal the Appellate Division held that " where the sale is for less than $10,000 the court has no discretion to make any additional allowance," and the compensation was reduced from $100 to $50 which was the amount plaintiff moved that the referee be required to accept. While reference was made in the opinion to the decision in *Chisholm* v. *Hopson* (182 App. Div.

856), the citation was used, it seems to me, to point out the policy of the court to keep the charges down instead of adding unnecessarily to the expense of foreclosure.

It is true that in both of these cases there is statement to the effect that $50 was ample compensation. Under the facts presented such observation was warranted. The decision in *Chisholm* v. *Hopson*, where the bid was more than $10,000, was made in 1918 when the referee's compensation was limited to $50 and held that no facts were shown to justify the extra allowance.

By chapter 252 of the Laws of 1926, in effect September 1, 1926, the commission of $10 when no distribution was made was increased to $25. In 1928 by amendment (Laws of 1928, chap. 846), the limit of compensation was increased from $50 to $100. The statute (Civ. Prac. Act, § 1546) as it now stands is controlling, and as pointed out by CROUCH, J., in *Prudential Ins. Co.* v. *Hogan* (*supra*), where the question involved was also that of additional compensation, " the compensation * * * may consist (a) of fees, * * *; (b) of commissions * * *; (c) of such additional compensation * * *. The item of additional compensation, if any, is left to the discretion of the court. That discretion should be cautiously exercised within the limits suggested in the opinion of *Chisholm* v. *Hopson* (*supra*)."

In this and the other counties referred to above under section 1558 the sheriff's fees are: Subdivision 7, five per centum upon the first $1,000; two and one-half per centum on the next $9,000; subdivision 8, advertising, $2; subdivision 9, conveyance upon sale of real property, $5, to be paid by the grantee, advertising or printer's fees as prescribed by law, duplicate certificates of the sale of real property, twenty-five cents per folio; subdivision 11, fees provided in previous subdivisions but limiting entire compensation to $50. This limits the referee's fees to $50. Section 285 of the Surrogate's Court Act provides commissions as follows: Not exceeding $2,000, five per centum. The rest of this section has no application as under section 1546 of the Civil Practice Act a referee's compensation, including commissions, cannot exceed $100 unless the property sold for $10,000 or upwards. This limits the referee's commissions to $50. Where no distribution is made by the referee and the price as a matter of bookkeeping is applied to the debt, section 1546 further limits the commissions to $25.

In the present matter the property sold for $7,000. It was purchased by the plaintiff, but the price was applied as a matter of bookkeeping to the debt. The compensation then amounts to $75, as the computation is made on the basis of fees limited to $50 plus commissions limited to $25. The compensation of the referee is accordingly fixed at $75.