POUGHKEEPSIE SAVINGS BANK, Plaintiff, *v.* SAMUEL BERLER and Others, Defendants.

Supreme Court, Special Term, Bronx County, May 17, 1937.

*Earl Hawley*, for the plaintiff.

*Aaron Margolin*, referee in person.

NOONAN, J.   Four mortgages were owned by the plaintiff bank, each covering separate but adjoining parcels of land.   An action was brought by the plaintiff to foreclose, in which there were four separate causes, each embracing one of the mortgages.   The judgment of foreclosure is for $50,723.64.   Plaintiff bid in each parcel for $2,000, making a total bid of $8,000.   The amount bid will be applied upon the debt due to the plaintiff.   No money was paid to the referee, and he will not be required to make any distribution.   There is no proof that the referee was obliged to render unusual service.   Indeed, most of the work attendant upon the action was performed by the plaintiff's attorney.   A referee's compensation,

including commissions, in a case of that character cannot exceed $100. (Civ. Prac. Act, § 1546; *Edbro Realty Co., Inc.,* v. *Clarey,* 141 Misc. 779; 235 App. Div. 714.) The usual compensation allowed is seventy-five dollars. (*Haviland* v. *Davedor Realty Corporation,* 151 Misc. 715; *Bronx Savings Bank* v. *Levin, Inc.,* 153 id. 616.) Plaintiff is willing to allow $100. This is all that the referee is entitled to receive, although four separate mortgages and sales were involved.

The form of the action is permitted by section 258 of the Civil Practice Act, as enacted by chapter 339 of the Laws of 1935. In *Sadler* v. *Lyon* ([Com. Pl.] 31 N. Y. Supp. 141) it was seemingly held under the Code of Civil Procedure that a separate action to foreclose each mortgage was required. However, the case of *Down Town Realty Co.* v. *Simpson* (227 App. Div. 803) holds by a bare majority of the court that the actions might be consolidated under section 258 of the Civil Practice Act previous to its repeal and the enactment of the new section 258. The fact that the plaintiff has taken advantage of section 258 and has joined the four parcels in one action does not increase the compensation of the referee. The purpose of the amendment would seem to be a diminution rather than an increase of expense. The contention, therefore, of the referee that he is entitled to receive the sum of $100 as a fee for each parcel, or $400 in all, is unsupported by authority. His application is for an order granting a further allowance and increasing his compensation. Where the sale is for less than $10,000, the court has no discretion to make an additional allowance. (*Railroad Co-operative Building & Loan Assn.* v. *Cautero,* 240 App. Div. 318.) The compensation of the referee is, therefore, fixed in the sum of $100. (Cf. *Sadler* v. *Lyon, supra.*)

There is also a request in this application for instructions regarding the auctioneer's fees for his services. He has been paid $120 under protest of the plaintiff, who contends that the proper fee is $70. I think the plaintiff's contention is right. (Laws of 1935, chap. 826, amdg. N. Y. City Consolidation Act [Laws of 1882, chap. 410], § 1995.) All that the auctioneer is entitled to receive under what seems to me the plain provisions of the statute is fifty dollars plus twenty dollars for salesroom expenses. The statute says: " In all cases where the judgment of foreclosure is for an amount in excess of twenty-five thousand dollars, the fee shall be fifty dollars; but where such sale is made at any public salesroom, such auctioneer may demand and receive such further amount not exceeding five dollars for each parcel separately sold as he may have actually paid for the privilege or right of making said sale in such salesroom as aforesaid."

In this action there is one judgment of foreclosure which exceeded $25,000, so the auctioneer may only demand a fee of fifty dollars, and an additional five dollars for each parcel sold in a salesroom. Settle order on notice.